**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Technical Witts, Inc., ) | No. CV 04-2025-PHX-MHM |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Skynet Electronic Co., Ltd., Skynet ) Electronic Corp., Jim Liang, Jane Doe ) Liang, John and Jane Does 1-30, XYZ ) Corporation 1-30, ABC Partnerships 1-30, ) and LMN Entities, ) | |
| Defendant. ) | |

Presently pending before the Court is Defendants' Motion to Dismiss and Motion for More Definite Statement. Plaintiff has filed a Response (Dkt. #33) and Defendants have filed a Reply (Dkt. #35). The Court considers all the papers and issues the following Order.

BACKGROUND

Plaintiff Technical Witts, Inc., brought this lawsuit against Defendants Skynet Electronic Co., Ltd., a Taiwanese corporation ("Skynet Taiwan"), Skynet Electronic Corporation, a California corporation ("Skynet California"), and Jim Liang and his wife, Judia Liang, both of whom are Taiwanese citizens. Plaintiff has alleged claims for patent infringement (Count I), inducement of patent infringement (Count II), contributory patent

infringement (Count III), fraud (Count IV), fraudulent inducement (Count V), and negligent misrepresentation (Count VI), and injunctive relief (Count VII).

Plaintiff states that it holds all legal rights to the '329 Patent, which applies to systems employing power converters adapted to provide zero-voltage switching ("soft switching") at turn-on and turn-off transitions of the switches therein.  Plaintiff has alleged that Defendants have engaged in, and may continue to engage in, the manufacture and sale of power supplies that infringe on Plaintiff's '329 Patent.  Plaintiff claims that Defendants have been aware of their infringing activity since either March 7, 2001 after Mr. Liang's presentation at the 2001 Applied Power Electronics Conference in Anaheim, California, or June 1, 2001 when Plaintiff's Chief Engineer, Ernest Wittenbreder traveled to Defendants' Taiwan offices and informed Defendants of the infringement.

Plaintiff states that Mr. Liang, acting in his capacity as Chairman of the Board of Skynet Taiwan, participated in a series of email and telephone correspondences with Plaintiff.  In fact, Mr. Liang invited Mr. Wittenbreder by email to visit Defendants' office in Taiwan.  Plaintiff asserts that Mr. Wittenbreder's invitation to Taiwan was under the guise of formalizing a licensing agreement with Defendants' use of the '329 Patent.  Plaintiff alleges, however, that after Mr. Wittenbreder arrived at Defendants' office, Mr. Liang informed him that Defendants wished merely to establish a consulting relationship with Plaintiff.  Plaintiff contends that Defendants coerced Plaintiff to make the trip to Taiwan despite knowing that it did not intend to formalized a licensing agreement with Plaintiff.  Plaintiff claims resulting damages including lost man-hours and lost commercial opportunities.

Defendants have filed a Motion to Dismiss based on Federal Rules of Civil Procedure 12(b)(2), 12(b)(6), and 9(b).  Specifically, Mr. Liang and Mrs. Liang move to dismiss based on this Court's lack of personal jurisdiction.  Judia Liang also moves to dismiss all claims against her for failure to state a claim upon which relief can be granted.  Furthermore, Judia Liang, Jim Liang, Skynet Taiwan, and Skynet California move to dismiss Counts IV (fraud), Cout V (fraudulent inducement), and Count VI (negligent misrepresentation) for failure to

plead with particularity.  Defendants also move to dismiss Counts IV, V, and VI for failure to state a claim upon which relief can be granted.  In the alternative, Defendants move for a more definite statement in Counts IV, V, and VI.

## LEGAL STANDARD

### I. DISMISSAL FOR LACK OF PERSONAL JURISDICTION

A defendant may move to dismiss a cause of action pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure.  The plaintiff then bears the burden of demonstrating that jurisdiction exists.  Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800 (9th Cir. 2004). The plaintiff "need only demonstrate facts that if true would support jurisdiction over the defendant."  Ballard v. Savage, 65 F.3d 1495, 1498 (9th Cir. 1995); Fields v. Sedgwick Assoc. Risks, Ltd., 796 F.2d 299, 301 (9th Cir. 1986).  Uncontroverted allegations in the complaint must be taken as true.  AT & T v. Compagnie Bruxelles Lambert, 94 F.3d 586, 588 (9th Cir. 1996).  However, the court may not assume the truth of such allegations if they are contradicted by affidavit.  Data Disc, Inc. v. Systems Technology Associates, Inc., 557 F.2d 1280, 1284 (9th Cir. 1977).

### II. DISMISSAL FOR FAILURE TO STATE A CLAIM

A motion to dismiss for failure to state a claim will be denied unless it is "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  Falkowski v. Imation Corp., 309 F.3d 1123, 1132 (9th Cir. 2002), citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002).  A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). "Each averment of a pleading shall be simple, concise, and direct. No technical forms of pleading or motions are required." Fed.R.Civ.P. 8(e).  In all averments of fraud or mistake, however, the circumstances constituting fraud or mistake must be stated with particularity.  Fed.R.Civ.P. 9(b).  The allegations must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." Semegen v. Weidner, 780 F .2d 727, 731 (9th Cir. 1985).  These rules

"do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds on which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957).

## DISCUSSION

### I. PERSONAL JURISDICTION OVER THE LIANG DEFENDANTS

There are two independent limitations on a court's power to exercise personal jurisdiction over a non-resident defendant: the applicable state's personal jurisdiction rule and constitutional principles of due process. Sher v. Johnson, 911 F.2d 1357, 1361 (9th Cir. 1990); Data Disc, 557 F.2d at 1286. Arizona's long-arm statute provides for personal jurisdiction to the extent permitted by the Due Process Clause of the United States Constitution. Ariz. R. Civ. P. 4.2(a); see also Uberti v. Leonardo, 181 Ariz. 565, 569, 892 P.2d 1354, 1358, cert. denied, 516 U.S. 906 (1995) (stating that under Rule 4.2(a), "Arizona will exert personal jurisdiction over a nonresident litigant to the maximum extent allowed by the federal constitution").

The exercise of jurisdiction over a non-resident defendant violates the protections created by the due process clause unless the defendant has "minimum contacts" with the forum State "he should reasonably anticipate being haled into court there." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474 (1985). Personal jurisdiction may be either general or specific. Panavision International, L.P. v. Toeppen, 141 F.3d 1316, 1320 (9th Cir. 1990).

General jurisdiction exists where the defendant's contacts with the forum State are so substantial or continuous and systematic that jurisdiction exists even if the cause of action is unrelated to those contacts. Bancroft & Masters, Inc. v. Augusta Nat'l, Inc., 223 F.3d 1082, 1086 (9th Cir. 2000). The standard for establishing general jurisdiction is "fairly high." Id.; Brand v. Menlove Dodge, 796 F.2d 1070, 1073 (9th Cir. 1986). The defendant's contacts must approximate physical presence in the forum State. Schwarzenegger, 374 F.3d at 801. Factors considered in evaluating the extent of contacts include whether the defendant makes sales, solicits or engages in business, designates an agent for service of process, holds a

license, or is incorporated in the forum State. Bancroft & Masters, 223 F.3d at 1086. Here, there is no evidence to indicate that either Mr. or Mrs. Liang have had substantial or continuous and systematic contacts with Arizona to warrant a finding of general jurisdiction.

Specific jurisdiction exists where the cause of action arises out of or relates to the defendant's activities within the forum. Data Disc, 557 F.2d at 1286. Specific jurisdiction is analyzed using a three-prong test: (1) the non-resident defendant must purposefully direct its activities or consummate some transaction with the forum or a resident thereof; or perform some act by which it purposefully avails itself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or results from the defendant's forum-related activities; and (3) the exercise of jurisdiction must be reasonable. Lake v. Lake, 817 F.2d 1416, 1421 (9th Cir. 1987). Each of these conditions is required for asserting jurisdiction. Insur. Co. of N. Am. v. Marina Salina Cruz, 649 F.2d 1266, 1270 (9th Cir. 1981).

The requirement of purposeful availment ensures that the defendant should reasonably anticipate being haled into the forum State court based on his contacts. World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980). The Ninth Circuit typically treats "purposeful availment" somewhat differently in tort cases versus contract cases. Dole Food Co., Inc. v. Watts, 303 F.3d 1104, 1111 (9th Cir. 2002). Tort cases are examined to determine whether a defendant *purposefully directed* his activities at the forum State. Id. The analysis applies an "effects" test that focuses on the forum in which the defendant's actions were felt, whether or not the actions themselves occurred within the forum. See Schwarzenegger, 374 F.3d at 803 (citing Calder v. Jones, 465 U.S. 783, 789-90, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984)). A showing that a defendant purposefully directed his conduct toward a forum State usually consists of evidence of the defendant's actions outside the forum State that are directed at the forum, such as the distribution in the forum State of goods originating elsewhere. Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 774-75, 104 S.Ct. 1473, 79 L.Ed.2d 790 (1984) (finding purposeful direction where defendant published magazines in Ohio and circulated them in the forum State, New Hampshire); see also World-Wide

1  Volkswagen, 444 U.S. at 297-98 (noting that a "forum State does not exceed its powers
2  under the Due Process Clause if it asserts personal jurisdiction over a corporation that
3  delivers its products into the stream of commerce with the expectation that they will be
4  purchased by consumers in the forum State").

5  The second factor requires that the claim arise out of or result from the defendant's
6  forum-related activities. A claim arises out of a defendant's conduct if the claim would not
7  have arisen "but for" the defendant's forum-related contacts. Panavision, 141 F.3d at 1322.

8  Once the plaintiff has satisfied the first two factors, the defendant bears the burden of
9  overcoming a presumption that jurisdiction is reasonable by presenting a compelling case
10 that specific jurisdiction would be unreasonable. Burger King, 471 U.S. at 472-73. The
11 exercise of jurisdiction must not offend "traditional notions of fair play and substantial
12 justice." International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). Several factors
13 are considered in assessing whether the exercise of jurisdiction over a non-resident is
14 reasonable. World-Wide Volkswagen, 444 U.S., at 292. The factors to consider include the
15 following: the burden on the defendant; the interests of the forum State; the plaintiff's interest
16 in obtaining relief; the judicial system's interest in obtaining an efficient resolution; and the
17 shared interest of the several States in furthering fundamental substantive social policies. Id.

18 With regard to Plaintiff's patent claims, Federal Circuit law applies. Amana
19 Refrigeration Inc. v. Quadlux, Inc., 172 F.3d 852, 856 (Fed. Cir. 1999). To determine
20 specific personal jurisdiction over an out-of-State defendant under the Federal Circuit, the
21 Court must look to whether (1) the defendant purposefully directed its activities at residents
22 of the forum State, (2) the claim arises out of or relates to the defendant's activities with the
23 forum State, and (3) assertion of personal jurisdiction is reasonable and fair. Inamed Corp.
24 v. Kuzmak, 249 F.3d, 1356, 1360 (Fed. Cir. 2001) (citing Akro Corp. v. Luker, 45 F.3d 1541,
25 1545 (Fed. Cir. 1995)). The first two factors correlate to the "minimum contacts" prong of
26 the International Shoe analysis. Id. (citing Akro, 45 F.3d at 1545). The third factor
27 correlates to the "fair play and substantial justice" prong. Id. (citing Akro, 45 F.3d at 1545).
28

1 The plaintiff bears the burden of establishing minimum contacts; then defendants must prove
2 that it would be unreasonable to exercise jurisdiction. Id. (citing Akro, 45 F.3d at 1546).

3 Plaintiff argues that it has made a prima facie case that this Court has specific
4 jurisdiction over **Jim Liang and Judia Liang. Both Mr. and Mrs. Liang disagree and**
5 maintain that they have not purposefully availed themselves of the privilege of conducting
6 activities within Arizona, nor have they invoked any benefits and protections of Arizona law,
7 and therefore they do not have sufficient minimum contacts with Arizona for this Court to
8 exercise jurisdiction over them.

9 A.    PERSONAL JURISDICTION OVER JIM LIANG

10 Plaintiff contends that this Court has jurisdiction over Jim Liang because Mr. Liang
11 corresponded with Plaintiff, who was in Arizona, via email and telephone. Plaintiff asserts
12 that during these telephone calls Mr. Liang made representations purporting to negotiate a
13 license agreement with Plaintiff and that Mr. Liang, via email, invited Plaintiff's Chief
14 Engineer, Mr. Wittenbreder, to travel to Taiwan. Plaintiff cites Yahoo! Inc. v. La Ligue
15 Contre Le Racisme Et L'Antisemitisme, 379 F.3d 1120, 1133 (9th Cir. 2004) to assert that a
16 court should consider such things as telephone and mail contacts directed into the forum
17 State addressing a licensing agreement should be considered when deciding purposeful
18 availment. However, Plaintiff cites to the dissenting opinion in the 2004 Yahoo! case that
19 has been vacated. See Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme, 399
20 F.3d 1010 (9th Cir. 2005). Nevertheless, upon rehearing the Ninth Circuit found that three
21 contacts with the forum State ((i) a cease and desist letter; (ii) serving service of process in
22 the forum State; and (iii) two interim orders directing action in the forum State) was enough
23 for the court to assert personal jurisdiction over a non-resident, foreign defendant. Yahoo!
24 Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme, 433 F.3d 1199, 1208-1211 (9th Cir.
25 2005). The result in the rehearing of Yahoo! is distinguishable from this case because there,
26 the defendant initiated multiple and varied contacts with the forum State, including obtaining
27 two interim orders directing Yahoo! to take action in California, with substantial penalty if
28

1  Yahoo! did not take action. Id. at 1209. In the instant case, Mr. Liang simply responded to
2  emails and telephone calls to Plaintiff who happened to be in Arizona.

3  Mr. Liang cites Peterson v. Kennedy, 771 F.2d 1244, 1262 (9th Cir. 1985) to assert that
4  an exchange of telephone calls and letters is not enough for the court to find personal
5  jurisdiction over him. Mr. Liang also asserts that he did not enter into the forum State in
6  search of business here, nor did he conduct activities in the forum State to invoke the benefits
7  and protections of Arizona laws.

8  Mr. Liang did not voluntarily enter Arizona on his own accord either physically or
9  electronically. Nor has Mr. Liang intentionally directed his actions toward the State in a way
10 that would lend to a reasonable expectation of being haled into court here. In fact, when
11 Plaintiff contacted Defendants, Mr. Liang invited Plaintiff to discuss business possibilities
12 by Plaintiff visiting Defendants' office in Taiwan. Mr. Liang did not volunteer to visit, nor
13 did he visit, Arizona for the discussions. As Defendant asserted, the Ninth Circuit has found
14 that "[p]urposeful availment analysis turns upon whether the defendant's contacts are
15 attributable to his own actions or solely to the actions of the plaintiff." Decker Coal Co. v.
16 Commonwealth Edison Co., 805 F.2d 834, 840 (9th Cir. 1986). As stated above, Defendants'
17 emails and telephone calls were conducted in response to communications initiated by
18 Plaintiff. Furthermore, the Supreme Court has found that the forum State must be "the focal
19 point both of the story and of the harm suffered." Calder, 465 U.S. at 789. Here, Plaintiff
20 may assert that it suffered harm in Arizona but Arizona is not the focal point of both the story
21 and the harm that Plaintiff asserts. The Court also notes that the emails and telephone calls
22 between the parties did not result in any sort of continuous business agreement nor the
23 formation of a contract.

24 The Court finds that Mr. Liang did not reach out to Arizona to contact Plaintiff.
25 Defendant's acts include responding to emails and telephone calls initiated by Plaintiff, who
26 was in Arizona. During the course of their email correspondences, Mr. Liang invited Mr.
27 Wittenbreder to travel to Taiwan for a meeting. However, at no time did Mr. Liang
28 purposefully avail himself nor purposefully direct his activities toward Arizona, thereby

- 8 -

invoking the benefits of Arizona laws. Nor did Mr. Liang enter into any sort of contract or business deal with any person or company in Arizona.

Purposeful availment requires a finding that the defendant performed some type of affirmative conduct which allows or promotes the transaction of business within the forum State. Doe v. Unocal Corp., 248 F.3d 915, 923 (9th Cir.2001). The Court finds that Plaintiff has not proven that Mr. Liang purposefully availed himself of the laws and benefits of Arizona's law for either the tort-based fraud claims or the patent infringement claims. Thus, Mr. Liang should not reasonably anticipate being haled into court here.

Since the Court finds that Plaintiff has not proven the first prong of the test – that Mr. Liang has purposefully availed himself of the laws of Arizona – it does not consider whether the claims against Mr. Liang arise out of whatever minimal contacts he may have had with Arizona nor whether it would be reasonable to hale Mr. Liang into court here. Instead, the Court finds that it would be inappropriate to find that it has personal jurisdiction over Mr. Liang.

B.   PERSONAL JURISDICTION OVER JUDIA LIANG

Judia Liang contends that the Court lacks personal jurisdiction over her. She asserts that she lives thousands of miles away and is a citizen of Taiwan. Mrs. Liang has been physically present in Arizona only once for a period of less than one day in 2004, and the present claims against her do not arise out of that visit. Mrs. Liang asserts that she is named in the present lawsuit merely because she is married to Mr. Liang. Plaintiff does not contest her assertion. In fact, Plaintiff argues that the reason it named Mrs. Liang is because Arizona is a community property State, thereby requiring naming Mrs. Liang in order to reach any community property she owns with Mr. Liang. However, for the Court to exercise personal jurisdiction over Mrs. Liang, it must find that she has purposefully availed herself of the laws of Arizona. Calder, 465 U.S. at 790. The Court finds no evidence that Mrs. Liang has purposefully availed herself of the laws of this State. Therefore, the Court finds that it would be inappropriate to exercise personal jurisdiction over Mrs. Liang. Furthermore, because the

1 Court lacks personal jurisdiction over Mrs. Liang, it grants the Motion to Dismiss all claims
2 against her.

3 II.     PLEADING FRAUD

4      Under FRCP 9(b), fraud must be pleaded with particularity as to the circumstances
5 of fraud, such as time, place, persons, false statements, and why those statements are false.
6 In re GlenFed Inc. Sec. Litig., 42 F.3d 1541, 1548 n. 7 (9th Cir. 1994).  Mere allegations that
7 the defendants' actions were "fraudulent" are insufficient.  Hall v. Romero, 141 Ariz. 120,
8 124, 685 P.2d 757, 761 (Ct.App.1984).  A complaint fails to state an actionable claim unless
9 all of the following elements have been alleged with particularity: (1) a representation, (2)
10 its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its
11 truth, (5) his intent that it should be acted upon by the person and in the manner reasonably
12 contemplated; (6) the hearer's ignorance of its falsity; (7) his reliance on its truth; (8) his right
13 to rely thereon, (9) his consequent and proximate injury.  Nielson v. Flashberg, 101 Ariz.
14 335, 338-39, 419 P.2d 514, 517-18 (1966).

15      Defendants contend that Plaintiff's Complaint fails to allege sufficient particularity.
16 Defendant claims that the Complaint fails to set forth details as to what statements were false
17 or misleading, when the statements were made, how Plaintiff knew they were false.
18 Defendants also assert that Plaintiff must provide "contemporaneous statements or
19 information" to suggest that Dependants' statements were false or misleading when made.
20 Yourish v. California Amplifier, 191 F.3d 983, 993 (9th Cir. 1999).

21      Plaintiff asserts that it has pled fraud with sufficient particularity.  Specifically,
22 Plaintiff states that Mr. Liang, acting in his capacity as Chairman of the Board of Skynet
23 Taiwan, made fraudulent statements in or around May 2001 when he invited Mr.
24 Mittenbreder to travel to Defendant's facility in Taiwan for the purpose of formalizing a
25 licensing agreement.  (Pl.'s 1st Amend. Compl. ¶ 92.)  Plaintiff further asserts that upon Mr.
26 Wittenbreder's arrival, Mr. Liang refused to formalize a licensing agreement.  (Pl.'s 1st
27 Amend. Compl. ¶ 95.)  Instead, Mr. Wittenbreader stated that he never had any intention of
28 securing a licensing agreement, but rather wanted Mr. Wittenbreader to enter into a

1 consulting relationship with Skynet Taiwan. Id. Plaintiff alleges that "[u]pon information 2 and belief, [Mr.] Liang intended to bring Mr. Wittenbreder to the Taiwan site to obtain a 3 consulting agreement with Mr. Wittenbreder in lieu of a licensing agreement." (Pl.'s 1st 4 Amend. Compl. ¶ 96.)  Plaintiff asserts that he relied on Mr. Liang's representation that the 5 reason for Mr. Wittenbreder's trip to Taiwan was to formalize a licensing agreement with 6 Defendant. (Pl.'s 1st Amend. Compl. ¶ 94.) Moreover, Pliantiff asserts that Mr. Liang sought 7 to obstruct and complicate prospective determinations of ownership of intellectual property 8 developed under a consulting agreement with the patent rights already owned by Plaintiff. 9 (Pl. 1st Amend. Compl. ¶ 97.)  Furthermore, Plaintiff alleges that it suffered damages 10 including lost man-hours and lost commercial opportunities because of Mr. Wittenbreder's 11 futile trip to Taiwan. (Pl. 1st Amend. Compl. ¶ 99.)

12 As required by Rule 9(b), Plaintiff has pled the time, place, person, false statement 13 and the reason the statements were false.  Plaintiff's Complaint provides that Defendant 14 Skynet Taiwan misrepresented Mr. Wittenbreder's trip to Taiwan, that Mr. Liang knew of the 15 falsity, that Mr. Liang intended to induce Mr. Wittenbreder to rely on his misrepresentation, 16 that Mr. Wittenbreder did, in fact, rely on Mr. Liang's misrepresentation, and that Plaintiff 17 suffered resulting damages. Engalla, 15 Cal.4th at 974.  Thus, the Court finds that Plaintiff 18 has pled fraud with sufficient particularity to overcome a Motion to Dismiss.  Therefore, the 19 Court denies Defendants' Motion to Dismiss Counts IV - VI for Failure to State Claims Upon 20 Which Relief Can be Granted.  Furthermore, the Court denies Defendant's request for a more 21 definite statement of Courts IV - VI.

22 IV.    RESPONSIVE PLEADINGS

23 The Court considers Plaintiff's assertion that Skynet Taiwan and Skynet California 24 have not properly filed any responsive pleading.  Defendant contends that all Defendants 25 have responded when they asked the Court to dismiss Counts IV - VI.  Plaintiff asserts that 26 Counts IV - VI were only asserted against Mr. Liang.  However, all three Counts incorporate 27 by reference all allegations contained in the previous paragraphs.  Paragraph 92 states that 28 Mr. Liang acted "on behalf of Defendant Skynet" when it invited Mr. Wittenbreder to travel

1 to Taiwan. Since Plaintiff has incorporated Paragraph 92 by reference and because
2 Paragraph 92 describes action specifically relevant to Counts IV - VI, the Court finds that
3 Plaintiff asserted Counts IV - VI against Skynet Taiwan. Defendant states that Skynet
4 California is not a subsidiary of Skynet Taiwan, but rather is an independent corporate entity
5 over which Skynet Taiwan has no ownership interest. The Court agrees with Plaintiff that
6 Skynet California has not filed a responsive pleading. However, the Court finds no record
7 that Skynet California has received service of process.

## CONCLUSION

**IT IS ORDERED**, that the Court grants in part and denies in part Defendants' Motion to Dismiss (Dkt. #20) in accordance with this Order.

**IT IS FURTHER ORDERED** that the Court grants Plaintiff's Stipulated Motion to Extend Time to Respond to Defendant's Motion to Dismiss (Dkt. #29).

**IT IS FURTHER ORDERED** that Plaintiff shall show cause why the Court should not dismiss the case as to Defendant Skynet California for lack of service of process pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. Plaintiff shall show cause by March 30, 2007.

DATED this 12th day of March, 2007.

_____
Mary H. Murguia
United States District Judge